UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARLOWENE THOMAS,<br><br>        Plaintiff,<br><br>    v.<br><br>AIG LIFE INSURANCE CO.,<br><br>        Defendant.<br>_____/ | No. C-05-0081 JCS<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON STANDARD OF REVIEW AND DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT [Docket Nos. 31 and 33]** |

**I.     INTRODUCTION**

On Friday, September 9, 2005, at 1:30 p.m., a hearing was held to address Plaintiff's Motion for Summary Judgment on Standard of Review ("Plaintiff's Motion") and Defendant's Motion for Partial Summary Judgment ("Defendant's Motion"). The key issue raised in the Motions is the standard of review that should be applied to Defendant's decision to deny accidental death benefits to Plaintiff: Plaintiff asserts that the decision is subject to de novo review, whereas Defendant argues that the decision should be reviewed for abuse of discretion. For the reasons stated below, the Court concludes that Plaintiff is correct.

**II.    BACKGROUND**

    **A.     Facts[1]**

Plaintiff's husband, Terrence Thomas, had a history of hypertension and hyperlipidemia. Declaration of Michael J. Kelly in Support of Plaintiff's Motion for Summary Judgment on Standard of

---

[1] Unless otherwise indicated, the Court relies on facts that it finds to be undisputed. The parties did not submit a joint statement of undisputed facts but agreed on many facts in their briefs.

Review ("Kelly Decl."), Ex. 1 (June 11, 2004 Letter from AIG Claims Department to Arlowene Thomas). In September 2003, Mr. Thomas experienced chest tightness and subsequently he underwent a procedure that involved placing a "stent" in an artery near his heart. *Id*. During the procedure, Mr. Thomas experienced a rupture in the artery in which the stent was being placed. Kelly Decl., Ex. 4 (April 9, 2004 Opinion Letter of Dr. John Orchard). Mr. Thomas then became hypotensive and could not be resuscitated. *Id.,* Ex. 1.

Mr. Thomas was covered by an accident insurance policy ("the Policy") issued by AIG Life Insurance Co. ("AIG"). *See* Kelly Decl., Ex. 2 (Policy). It is undisputed that the Policy is governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 *et seq.* Following Mr. Thomas's death, his wife, Arlowene Thomas, filed a claim under the Policy. On June 11, 2004, AIG denied the claim on the basis that Mr. Thomas's death was not accidental. Kelly Decl., Ex. 1. Mrs. Thomas appealed the denial of benefits, and the appeal was denied. Kelly Decl., Ex. 5 (November 5, 2004 Letter from AIG Claims Department to Michael Kelly).

**B.    Procedural History**

On December 16, 2004, Plaintiff brought a state court action against AIG for breach of contract based on the denial of her claim. *See* Kelly Decl., Ex. 7 (Stipulation filed February 10, 2005). The action was removed to this Court, and the parties subsequently stipulated to allow Plaintiff to amend her complaint to assert a claim for employee benefits under ERISA, 29 U.S.C. § 1132(a)(1)(B).

**C.    The Motions**

Thomas and AIG both bring motions seeking summary judgment regarding the standard of review that should be applied by the Court in reviewing AIG's denial of Thomas's claim. Thomas asserts that review is de novo because the plan documents do not unambiguously give AIG discretionary authority to determine her right to benefits. In support of this position, Thomas relies on the Supreme Court's decision in *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101 (1989) and the Ninth Circuit's interpretation of *Firestone* in *Kearney v. Standard Ins. Co.*, 175 F.3d 1084 (9th Cir. 1999). AIG, on the other hand, asserts that a review of all the circumstances shows that it is a fiduciary because it has the

authority to grant, deny and review denied claims. Accordingly, AIG asserts, it has discretion in making benefits determinations and its decisions should be reviewed for an abuse of discretion.[2]

## III. ANALYSIS

Under ERISA, "[a] civil action may be brought . . . by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a). ERISA does not, however, set out the appropriate standard to be applied in such actions. *See Firestone*, 489 U.S. at 109. Prior to *Firestone*, federal courts applied an arbitrary and capricious standard to such actions, adopting the standard applied to actions brought under the Labor Management Relations Act ("LMRA"). *See id.* Courts reasoned that in imposing a fiduciary duty on plan administrators under ERISA, Congress intended to incorporate the LMRA fiduciary law into ERISA and thus, the standard of review applied to actions under the LMRA should also be applied to ERISA actions seeking employee benefits. *See id*.

In *Firestone*, the Supreme Court concluded that "*wholesale* importation of the arbitrary and capricious standard into ERISA [was] unwarranted." *Id*. (emphasis in original). Rather, the Court held that "a denial of benefits challenged under § 1132(a)(1)(B) is to be reviewed under a de novo standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Id*. at 115. In reaching this conclusion, the Court drew on principals of trust law, noting that traditionally, courts have applied a deferential standard of review to actions taken by trustees that involve the "exercise of a *discretion vested in them by the instrument* under which they act." *Id*. at 111 (emphasis in original) (citation omitted). On the other hand, where the trust documents do not give the trustee discretion to construe uncertain terms, courts construe terms in the trust documents "without deferring to either party's interpretation," that is, de novo *Id*. at 112.

---

[2] In arguing that the abuse of discretion standard applies, AIG also argues that the exception to the abuse of discretion standard that applies when there is a conflict of interest does *not* apply here. Because Thomas does not rely on the conflict of interest exception, however, the Court does not reach this issue. AIG also asserts that even if a de novo standard of review is applied, the Court should not consider evidence outside of the administrative record that was before AIG during the claims process. Resolution of this question will depend on the evidence "necessary to conduct adequate de novo review." *See Kearney*, 175 F.3d at 1090. The Court concludes that a determination on this issue is premature and therefore declines to rule on it at this time.

The Court in *Firestone* rejected Firestone's contention that merely because it was a "fiduciary" under ERISA, its interpretation of policy language should be reviewed under an abuse of discretion standard. *Id*. at 113. Firestone relied on 29 U.S.C. § 1002(a)(1), which gives a fiduciary "authority to control and manage the operation and administration of the plan," and on §1133(2), which requires that a fiduciary provide "full and fair review of claim denials." The Court, however, pointed to the definition of "fiduciary" under ERISA, which defines a fiduciary as "one who exercises *any* discretionary authority or discretionary control respecting management of [a] plan." *Id*. (Quoting 29 U.S.C. § 1002(21)(A)(I)) (emphasis added). The Court emphasized that under this language, a fiduciary does not exercise "*entirely* discretionay authority or control." *Id*.

In *Kearney v. Standard Ins. Co.*, the Ninth Circuit, applying *Firestone,* held that in § 1132(a)(1)(B) actions, review is de novo unless the plan documents *unambiguously* confer discretion on the plan administrator. 175 F.3d at 1089; *see also Jordan v. Northrop Grumman Corp. Welfare Benefit Plan*, 370 F.3d 869, 875 (9th Cir. 2003) (citing *Kearney* for proposition that "review of the administrator's decision is de novo, unless the plan unambiguously confers discretion on the administrator" and holding that there was an unambiguous reservation of discretion where plan gave administrator "the discretion to construe and interpret the terms of the Plan and the authority and responsibility to make factual determinations"); *McDaniel v. The Chevron Corp.*, 203 F.3d 1099, 1107 (9th Cir. 2000) (citing *Kearney* for proposition that "the presumption of de novo review can be overcome only when a plan's reservation of discretion is unambiguous" and holding that there was an unambiguous reservation of discretion where the plan gave the administrator the "sole discretion to interpret the terms of the Plan" and provided that those interpretations "shall be conclusive and binding"); *Bendixen v. Standard Ins. Co.*, 185 F.3d 939, 943 (9th Cir. 1999) (citing *Kearney* standard and holding that there was an unambiguous reservation of discretion where plan included language that the administrator had "full and exclusive authority to control and manage the Group Policy, to administer claims, and to interpret the Group Policy and resolve all questions arising in the administration, interpretation, and application of the Group Policy").

In *Kearney*, the defendant asserted that the plan conferred discretion on it to determine whether the claimant was disabled because the plan provided that benefits would be paid "upon receipt of satisfactory written proof" of disability. *Id*. at 1089. The court found this language to be ambiguous because it could

4

reasonably be construed both as granting discretion to the administrator and as not granting discretion to the administrator. *Id*. at 1089-90.  Under these circumstances, the Court held that the proper standard of review was de novo.  *Id*.

In *Sandy v. Reliance Standard Life Ins.*, 222 F.3d 1202 (9th Cir. 2000), the Ninth Circuit made clear that *Kearney* was intended to create a bright-line test that eliminates the need for parties to litigate the standard of review in every ERISA case:

> Although different circuits approach the standard of review somewhat differently, [FN6] we see great value in clarity (no matter what the rule is). *Kearney* has settled the rule for us. That being so, there is little point in litigating the standard of review in every ERISA case where benefits have been denied. To do so is expensive, time-consuming, and draining for the parties as well as the courts. Moreover, the process by which benefits disputes are resolved should be more efficient, not less. Neither the parties nor the courts should have to divine whether discretion is conferred. It either is, in so many words, or it isn't. For sure, there is no magic to the words "discretion" or "authority"--but we're not at Hogwarts. Therefore, it should be clear: unless plan documents unambiguously say in sum or substance that the Plan Administrator or fiduciary has authority, power, or discretion to determine eligibility or to construe the terms of the Plan, the standard of review will be de novo.

222 F.3d at 1206-1207.  In *Sandy*, the plan required a participant to "submit satisfactory proof of total disability" and required the administrator to provide "the specific reason or reasons for denial" and "full and fair review" of appeals.  *Id*. at 1203-1204.  The Court held that this language did not unambiguously confer discretion on the administrator and de novo review was proper.  *Id*. at 1206.  The court noted, "[i]n the absence of such language, *Kearney* does not permit discretion to be inferred simply from the fact, standing alone, that Reliance is making benefits decisions for which it must give reasons."  *Id*.

Notwithstanding the straight-forward test established by the Ninth Circuit and the strong language used in *Sandy*, AIG asks this Court to *infer* discretion based on AIG's role as plan administrator without pointing to *any* specific language in the plan vesting discretion in the administrator.  AIG asserts that its "role as plan administrator is adequate to confer fiduciary status upon AIG even in the absence of express language in the insurance policy granting AIG discretionary authority."  Defendant's Motion at 5.  AIG argues further that the scope of its discretion as a fiduciary should be assessed "in light of all circumstances and such other evidence of the intention of the [creator] with respect to the [plan] as is not inadmissible."  *Id*. (quoting *Firestone*, 489 U.S. at 112) (bracketed terms provided by AIG).  According to AIG, its

5

actions in evaluating the claim and reviewing the claim denial – including retaining coverage counsel and an independent cardiologist – show that it had "implied discretion to independently administer the plan." In an effort to distinguish cases such as *Kearney* and *Sandy*, AIG asserts these cases are not on point because the plan administrators "offered only the insurance policy language" as evidence of their authority. Defendant's Motion at 6.

AIG's argument flies in the face of all of the cases discussed above. First, the quote from *Firestone* used by AIG to suggest that discretion may be implied based on the totality of the circumstances is taken out of context. The quoted language states, in full, as follows:

> The terms of trusts created by written instruments are "determined by the provisions of the instrument as interpreted in light of all the circumstances and such other evidence of the intention of the settlor with respect to the trust as is not inadmissible."

489 U.S. at 112 (quoting Restatement (Second) of Trusts § 4, Comment d (1959)). By analogy, the terms of the plan (here, the Policy) are interpreted in light of "all of the circumstances." Nothing in *Firestone* suggests, however, that discretion may be inferred based on the totality of the circumstances in the absence of specific language in the instrument conferring such discretion. Nor has AIG cited any other case in which a court has found such "implied discretion." Moreover, were this Court to find discretion based on the mere fact that AIG is a fiduciary under ERISA and makes and reviews claim decisions (including retaining counsel and outside experts as part of that process), it would directly contradict the clear authority in both *Firestone* and *Sandy* that discretion cannot be found based on the mere fact that AIG is a fiduciary, or that it makes benefits decisions. *See Firestone*, 489 U.S. at 113 (rejecting argument that because the defendant was a fiduciary under ERISA, an abuse of discretion standard should be applied); *Sandy*, 222 F.3d at 1206 (mere fact that defendant is making benefits decisions for which it must give reasons is not sufficient to warrant abuse of discretion standard).

AIG's reliance on *IT Corp. v. General American Life Ins. Co.*, 107 F.3d 1415 (9th Cir. 1415) and *Kyle Railways, Inc. v. Pacific Administration Services, Inc.*, 990 F.2d 513 (9th Cir. 1993) is misplaced. Those cases involved claims for breach of fiduciary duty under ERISA and addressed the question of when an administrator is a fiduciary under ERISA. As the Court made clear in *Firestone*, this question is distinct from the question of when discretion is conferred on an administrator by the plan such

that a decision will be reviewed for an abuse of discretion rather than de novo. *See Firestone*, 489 U.S. at 113.

### IV. CONCLUSION

Plaintiff's Motion is GRANTED. Defendant's Motion is DENIED. Because the Policy does not unambiguously grant AIG discretion to interpret the Policy, the appropriate standard of review is de novo.

IT IS SO ORDERED.

Dated: September 12, 2005

JOSEPH C. SPERO
United States Magistrate Judge